IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Vanessa McKibban, a married woman, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 5:23-cv-00182 |
| MMK Holdings, L.P. d/b/a Planet K, | § § § | |
| Defendant. | § § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, MMK Holdings, L.P. d/b/a Planet K ("Planet K" or "Defendant"), hereby gives notice of the removal of this action from the District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division.  The basis for removal is as follows:

1. On October 12, 2022, Plaintiff Vanessa McKibban filed Plaintiff's Original Petition ("Petition") against Defendant MMK Holdings, L.P. d/b/a Planet K, captioned and docketed as <u>Vanessa McKibban, a married woman v. MMK Holdings, L.P. a/b/a Planet K,</u> Cause No. 2022-CI-20323 (the "State Court Action").

2. Plaintiff served Defendant on approximately January 13, 2023.

3. Defendant filed its Answer to Plaintiff's Petition on February 3, 2023.

**I.    Defendant Has Satisfied The Procedural Requirements for Removal.**

4. Venue is proper because this Court encompasses the Judicial District Court where Plaintiff filed her Petition.  28 U.S.C. § 1441(a); 28 U.S.C. § 101.

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after receipt by Defendant of the Petition.

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the State of Texas, Bexar County Court Clerk and upon all parties.

7. As required by 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as **Exhibit A**, a copy of the process served on Defendant is attached hereto as **Exhibit B**, and a copy of Defendant's Answer and Counterclaim is attached hereto as **Exhibit C**.

8. By filing this Notice of Removal, Defendant does not waive any objections or other defenses that are or may be available to it.

## II.     This Court Has Federal Question Jurisdiction Under 28 U.S.C. § 1331.

9. The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). A claim "arises under" federal law when either (1) the well-pleaded Petition establishes that federal law creates the cause of action, or (2) the Plaintiff's right to relief necessarily relies on the resolution of a substantial question of federal law. *See Singh v. Duane Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

10. Removal of this action is proper under 28 U.S.C. §§ 1331, 1441 because it arises under the laws of the United States. Specifically, Plaintiff alleges a cause of action of "sex discrimination due to her pregnancy" under 42 U.S.C. § 2000e-2(a)(1). Plaintiff's Original

Petition ("Pet.") at ¶¶ 33—34.  Federal courts have heard cases alleging sex discrimination claims based on both Title VII and state-level discrimination statutes.  See, e.g., *E.E.O.C. v. Clear Lake Dodge*, 60 F.3d 1146, 1155 (5th Cir. 1995).  Thus, the claim arises under federal law and federal question jurisdiction exists as a result.  Removal is therefore proper.

### III.   This Court Has Supplemental Jurisdiction Under 28 U.S.C. § 1367.

11.     This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).  As noted by the United States Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 558 (2005); see also *State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367(a) grants jurisdiction to the federal courts to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

12.     It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp.2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1977)).  This principle applies to cases removed to federal court as well as to cases originally brought in federal court. *Id*. at 806.

13.     Here, Plaintiff's alleges a violation of state law pursuant to Tex. Lab. Code § 21.106(b).  Pet. at ¶¶ 30-31.  Such state-law claims arise from the same "common nucleus of operative fact" as Plaintiff's allegations under Title VII: that Plaintiff was discriminated against on the basis of her sex due to pregnancy. *See generally* Pet. at ¶¶ 16 –28.

**Prayer**

Defendant prays that the United States District Court for the Western District of Texas, accepts this Notice of Removal and that it assumes jurisdiction of this cause and that it issues such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

**DATED: February 10, 2023**

                              Respectfully submitted,

                              /s/ *Carrie B. Hoffman*
Carrie B. Hoffman
State Bar No. 00787701
Brooke Bahlinger
State Bar No. 24116056
FOLEY & LARDNER, LLP
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201-3340
Telephone:     (214) 999-3000
Facsimile:       (214) 999-4667
choffman@foley.com
bbahlinger@foley.com

Mike H. Holland
Illinois State Bar (ARDC) No. 6342026
Wisconsin State Bar No. 1129358
mholland@foley.com
FOLEY & LARDNER, LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654
Telephone:     (312) 832-4500
Facsimile:       (312) 832-4700
*\*\*Pro Hac Vice Application Pending*

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served via the Court's CM/ECF filing system on February 10, 2023, on all counsel of record. Counsel of record will also be served by U.S. mail pursuant to Federal Rule of Civil Procedure 5(b)(2).

Nicholas J. Enoch
Clara S. Acosta
Lubin & Enoch, P.C.
221 N. Kansas Street, Suite 700
El Paso, Texas 79901

**ATTORNEYS FOR PLAINTIFF**

/s/ *Carrie B. Hoffman*
Carrie B. Hoffman