**EXHIBIT**

**A**

| | |
|---|---|
| Vanessa McKibban, a married woman, | ) |
| Plaintiff, | ) IN THE DISTRICT COURT |
| | ) |
| v. | ) BEXAR COUNTY, TEXAS |
| | ) |
| MMK Holdings, L.P. d/b/a/ Planet K, | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiff, Vanessa McKibban ("Ms. McKibban"), by and through her attorneys at Lubin & Enoch, P.C., brings this action pursuant to, *inter alia*, the Texas Labor Code, Tex. Lab. Code § 21.106(b) (the "Texas Labor Code") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) ("Title VII").

### SELECTION OF DISCOVERY LEVEL

1.    The Plaintiff pleads that discovery should be conducted in accordance with a discovery control plan under Texas Rule of Civil Procedure ("TRCP") 190.2.

### STATEMENT OF RELIEF SOUGHT

2.    Pursuant to TRCP 47(c), the Plaintiff seeks monetary relief in an amount of $250,000 or less. The damages sought are within the jurisdiction of this court.

### INTRODUCTION

3.    Ms. McKibban is a former employee of MMK Holdings, L.P., doing business as Planet K ("Planet K").

1

1       4.      Defendant intentionally violated Tex. Lab. Code § 21.106(b), which

2 prohibits discrimination on the basis of sex including on the basis of pregnancy,

3 childbirth, or related medical conditions, by terminating Ms. McKibban's employment on

4 the basis of her sex due to her pregnancy.

5       5.      Defendant intentionally violated Title VII, 42 U.S.C. § 2000e-2(a)(1),

6 which prohibits discrimination on the basis of sex including on the basis of pregnancy,

7 childbirth, or related medical conditions, by terminating Ms. McKibban's employment on

8 the basis of her sex due to her pregnancy.

9                                          **PARTIES**

10       6.      Currently, and during all relevant time periods, Ms. McKibban has resided

11 in San Antonio, Texas.  She may be served with papers in this case through undersigned

12 counsel.

13       7.      Ms. McKibban was an "employee" of Defendants as that term is defined in

14 Tex. Lab. Code § 21.002(7) and 42 U.S.C. § 2000e(f).

15       8.      Planet K has store locations in San Antonio, Texas, among other places.

16       9.      Planet K is an "employer" as that term is defined in Tex. Lab. Code §

17 21.002(8) and 42 U.S.C. § 2000e(b).

18       10.     Planet K is a Texas limited partnership, domiciled in Texas, and

19 headquartered at 1516 South Lamar Blvd. #325, Austin, Texas 78704.  It may be served

20 with process through its registered agent Michael Kleinman.

21

22

2

1        11.    Defendant is prohibited from discriminating against an employee on the

2    basis of sex, including on the basis of pregnancy, childbirth, or related medical

3    conditions, as prohibited by Tex. Lab. Code § 21.106(b) and 42 U.S.C. § 2000e-2(a)(1).

4        12.    Defendant engaged in the illegal conduct listed in ¶ 11 with respect to Ms.

5    McKibban due to her pregnancy, despite her being able and willing to perform her job.

6    **JURISDICTION AND VENUE**

7        13.    This Court has jurisdiction over the subject matter of this complaint

8    pursuant to 42 U.S.C. § 2000e-5(f) and Tex. Lab. Code § 21.254.

9        14.    Venue is proper in this Court pursuant to Tex. Civ. Prac. & Rem. Code §

10   15.002(a) because this is where a substantial part of the events or omissions giving rise to

11   the claims occurred.

12       15.    Ms. McKibban has exhausted her administrative remedies and is timely filing

13   this action pursuant to Tex. Lab. Code § 21.254 and 42 U.S.C. § 2000e-5(f). A copy of the

14   right to sue letter issued by the Equal Employment Opportunity Commission is attached

15   hereto as Exhibit A. A copy of her right to sue letter from the Texas Workforce

16   Commission will be separately filed with the Court in the near future.

17   **GENERAL ALLEGATIONS**

18       16.    Ms. McKibban began working at Planet K on or around October 21, 2018,

19   first as a store clerk and later as a senior key holder, performing various tasks including

20   selling DVD's, tobacco products, drinks, and products to grow plants.

21       17.    Ms. McKibban received high performance reviews for her work and

22   customer service as a store clerk and key holder during her time with Planet K.

3

1   18.   In early 2019, Ms. McKibban was recommended by her then-manager, Erin

2   Hernandez, for manager training.

3   19.   On December 12, 2019, Ms. McKibban was placed on probation during her

4   manager training.  Planet K alleged that she did not exceed managerial expectations;

5   however, Planet K did not adequately train her to perform her managerial responsibilities.

6   20.   Ms. McKibban completed her probationary period on January 28, 2020, at

7   which point she reverted back to her position as a senior key holder.

8   21.   On or around January 2020, Ms. McKibban discovered she was pregnant.

9   She disclosed this information a week later to her manager in training, Martin Rodriguez

10   ("Mr. Rodriguez").

11   22.   On February 18, 2020, Ms. McKibban went to a doctor's appointment.

12   While at the appointment, Mr. Rodriguez sent her a message informing her that he

13   needed a note stating she was able to work with no restrictions.

14   23.   Ms. McKibban brought this note, which had a letterhead that indicated her

15   appointment was for "Maternal Fetal Medicine" matters, to work the following day.

16   24.   Ms. McKibban then received a call from another manager, Iyanna Preston

17   ("Ms. Preston"), who stated that Ms. McKibban was allowed to continue working until

18   the end of March but would then have to leave to prepare for her baby.  Ms. McKibban

19   was surprised by this conversation, as she was able and willing to continue working.

20   25.   Ms. McKibban later discussed this end date with Mr. Rodriguez, who

21   subsequently told her that she could stay until the end of April.  At this point, based on

22

4

1  her discussions with Mr. Rodriguez and Ms. Preston, it was Ms. McKibban's

2  understanding that she was being put on forced maternity leave.

3       26.    On March 4, 2020, Ms. McKibban was called into an unscheduled meeting

4  with Ms. Preston.  During this conversation, Ms. Preston stated she had seen video

5  footage of Ms. McKibban sitting on a wooden countertop and that doing so while

6  pregnant was a liability.  Other non-pregnant employees have sat on this countertop but

7  were not reprimanded like how Ms. McKibban was.

8       27.    Ms. Preston then told Ms. McKibban that although they had discussed

9  March 31, 2020, as her last day, March 4, 2020, would be her actual last day.

10       28.    When Ms. McKibban asked why March 4, 2020, was her last day, Ms.

11  Preston further stated that she wanted Ms. McKibban to have a happy and healthy

12  pregnancy.

13
## FIRST CLAIM FOR RELIEF
### Violation of Texas Labor Code § 21.106(b)
14

15       29.    Ms. McKibban re-alleges and incorporates by reference the foregoing
paragraphs as if fully set forth herein.

16

17       30.    Defendant has deliberately and willfully discriminated against Ms.

18  McKibban on the basis of her sex due to her pregnancy, in violation of Tex. Lab. Code §
21.106(b).

19

20       31.    Pursuant to Tex. Lab. Code §§ 21.258 to 262, Ms. McKibban is entitled to

21  recover all equitable relief, liquidated damages, reasonable attorneys' fees, and costs of

22  the action.

## SECOND CLAIM FOR RELIEF
### Violation of Title VII

32.     Ms. McKibban re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

33.     Defendant has deliberately and willfully discriminated against Ms. McKibban on the basis of her sex due to her pregnancy, in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1).

34.     Pursuant to 42 U.S.C. § 2000e-5, Ms. McKibban is entitled to recover all equitable relief, liquidated damages, reasonable attorneys' fees, and costs of the action.

### DAMAGES

35.     Ms. McKibban re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

36.     As described more fully in the preceding paragraphs of this Petition, the decision of Defendant to terminate Ms. McKibban on the basis of her pregnancy was the direct cause of Ms. McKibban's damages, including loss of wages.

37.     These lost wages began on March 4, 2022, the date Ms. McKibban was terminated, and continue to accrue as long as Ms. McKibban is deprived of the opportunity to continue working at Planet K.

### ATTORNEY'S FEES

38.     It was necessary for Ms. McKibban to secure the services of an attorney to prepare and prosecute this suit.  Judgment for attorney's fees through final judgment after appeal should be granted against Defendant and in favor of Ms. McKibban for the use and

6

1    benefit of Ms. McKibban's counsel.   In the alternative, Ms. McKibban requests that

2    reasonable attorney's fees through final judgment after appeal be taxed as costs to be

3    ordered paid directly to her attorney, who may enforce the order in the attorney's own name.

4         39.    Ms. McKibban is entitled to attorney's fees pursuant to 42 U.S.C. 2000e-

5    5(k), which provides in part that "[i]n any action or proceeding under this subchapter the

6    court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee

7    (including expert fees) as part of the costs. . . ."

8         40.    Ms. McKibban is also entitled to attorney's fees pursuant to Tex. Lab. Code

9    § 21.259, which provides in part that "[i]n a proceeding under [Chapter 21], a court may

10   allow the prevailing party . . . a reasonable attorney's fees as part of the costs."

11        WHEREFORE, Ms. McKibban requests that Planet K be cited to appear and

12   answer, and on final trial, that the Court enter judgment for Ms. McKibban and against

13   Planet K for the following:

14        A.    Compensatory and punitive damages, in an amount appropriate to the

15            proof adduced at trial, pursuant to Tex. Lab. Code §§ 21.2585;

16        B.    Equitable relief, including an award of back pay, pursuant to 42 U.S.C. §

17            2000e-5(g) and Tex. Lab. Code §§ 21.258;

18        C.    Attorney's fees pursuant to 42 U.S.C. § 2000e-5(k) and Tex. Lab. Code §

19            21.259(a);

20        D.    Litigation costs pursuant 42 U.S.C. § 2000e-5 and Tex. Lab. Code §§

21            21.258(b)(6) & 21.259(a);

22        E.    Prejudgment interest as provided by law;

F.   Interest after judgment as provided by law;

G.   Such other legal and equitable relief as the Court deems just.


RESPECTFULLY SUBMITTED this 12th day of October 2022.

LUBIN & ENOCH, P.C.


/s/ Nicholas J. Enoch
NICHOLAS J. ENOCH
State Bar No. 24042618
nick@lubinandenoch.com
CLARA S. ACOSTA
State Bar No. 24115993
clara@lubinandenoch.com
221 N. Kansas Street, Suite 700
El Paso, Texas 79901
(915) 585-8008 (Phone)
(602) 626-3586 (Fax)

**ATTORNEYS FOR PLAINTIFF**


**CERTIFICATE OF SERVICE**

Original of the foregoing Complaint filed with the Court, via File & Serve-Texas, on this 12th day of October 2022.


/s/ Shana Battles