IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Vanessa McKibban, a married woman, <br><br> Plaintiff/Counter-defendant, <br><br> v. <br><br> MMK Holdings, L.P. d/b/a/ Planet K, <br><br> Defendant/Counterclaimant. | CIVIL ACTION NO. 5:23-CV-00182 |

**PLAINTIFF/COUNTER-DEFENDANT'S ORIGINAL ANSWER AND**
**AFFIRMATIVE DEFENSES**

Plaintiff/Counter-defendant Vanessa McKibban ("McKibban"), by and through her attorneys at Lubin & Enoch, P.C., files this Answer to Defendant/Counterclaimant MMK Holdings, L.P. d/b/a Planet K ("Planet K")'s Counterclaim. The numbered paragraphs below correspond to the numbered paragraphs in Planet K's Counterclaim to the extent possible. McKibban denies each and every allegation set forth in Planet K's Counterclaim except as specifically admitted, qualified, explained, clarified, or otherwise pleaded below, and specifically answers as follows:

**I.     ANSWER TO PLANET K'S COUNTERCLAIM**

**Parties**

1.  Admit.

2.  Admit.

///

**Jurisdiction and Venue**

3. Admit that it met the minimum jurisdiction threshold of the District Court of Bexar County.

4. Admit.

**Facts**

5. Admit. McKibban received the loan in order to comply with Planet K's requirement that she own a home before she became manager. Upon information and belief, she believes the date and loan amount in paragraph 5 is accurate.

6. Admit in part. McKibban admits that at the time she requested the loan, she was instructed to write on a sheet of paper the amount that she was requesting, the purpose of the loan, and how much Planet K could withhold from each check. After this, Planet K let her know that they approved her request. She does not recall receiving any formalized agreement but does not deny that it is possible this occurred. She has no copy of any such Employee Loan Form Agreement.

7. Admit in part. McKibban does not remember signing or receiving an Employee Loan Form Agreement and does not have a copy of this Agreement. She does admit that when she was terminated, she was told that her last check would be withheld to pay the balance of the loan.

8. Admit in part. McKibban does not recall exactly how much the additional requested sums were. She does recall requesting additional sums because her car insurance and registration had expired. She was told by Planet K that she had to have a useable vehicle

if she was going to be keyholder for the store. She does not recall exactly how much was withheld from each paycheck but admits that a sum was withheld.

9. Admit in part. McKibban admits that on the date of her termination, her loan had not been fully repaid. However, she never received a copy of her last paystub and was never told how much (if any) was left as a due balance. After her termination and prior to this Counterclaim, Planet K made no attempt to collect payment or contact her regarding the debt. She still lives at the same address that Planet K had on record for her.

10. Deny. McKibban did make payments towards the amount owed to Planet K.

11. Deny.

## Count 1: Breach of Contract

12. Deny. McKibban does not have access to and does not recall signing the Employee Loan Agreement.

13. Deny in part. McKibban believes Planet K provided her sums of money but does not recall exact withholdings. Moreover, her last check was fully withheld.

14. Deny in part. McKibban did make payments towards her loan, and she was never informed, prior to this Counterclaim, that she had an outstanding balance.

15. Absent access to a copy of the alleged Employee Loan Agreement and a summary of the payments made to Planet K, McKibban can neither admit nor deny Planet K suffered damages.

## Conditions Precedent

16. Deny.

///

**Attorney's Fees**

17. Deny.

**Prayer**

18. Deny.

## II. AFFIRMATIVE AND OTHER DEFENSES

McKibban affirmatively alleges the following defenses:

1. Accord and satisfaction;

2. Breach of the covenant of good faith and fair dealing;

3. Contributory negligence;

4. Duress;

5. Equitable estoppel;

6. Failure of consideration;

7. Failure to state a claim upon which relief may be granted;

8. Failure of consideration;

9. Failure of condition precedent;

10. Illegality;

11. Laches;

12. Offset.

13. Payment and/or partial payment;

14. Release;

15. Statute of limitations;

16. Waiver; and

17. McKibban reserves the right to state additional affirmative defenses after discovery has been concluded in this case.

Respectfully submitted,

LUBIN & ENOCH, PC

By: /s/ Nicholas J Enoch
NICHOLAS J. ENOCH
Texas State Bar No. 24042618
nick@lubinandenoch.com
CLARA S. ACOSTA
Texas State Bar No. 24115993
clara@lubinandenoch.com
221 N. Kansas Street, Suite 700
El Paso, Texas 79901
(915) 585-8008 (Phone)
(602) 626-3586 (Fax)
ATTORNEYS FOR
PLAINTIFF/COUNTER-DEFENDANT
VANESSA MCKIBBAN

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of March, 2023, I electronically transmitted the attached Answer to the U.S. District Court Clerk's office using the CM/ECF System for filing.

/s/ Nicholas J. Enoch, Esq.